Marvin MILES, Plaintiff–Appellant,

v.

AMERICAN SEAFOODS COMPANY, Defendant–Appellee.

No. 98–35610.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 13, 1999.

Memorandum Filed Oct. 14, 1999.

Order Filed Dec. 13, 1999.

Gregory N. Bilyeu, Anderson, Connell & Murphy, Bellingham, Washington, for the plaintiff-appellant.

Michael B. King and Les E. Reardanz, Lane Powell Spears Lubersky, Seattle, Washington, for the defendant-appellee.

Before: GOODWIN and SCHROEDER, Circuit Judges, and SCHWARZER,* Senior District Judge.

## ORDER

The memorandum disposition filed October 14, 1999, is redesignated as an authored opinion by Senior Judge William W Schwarzer.

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

## OPINION

SCHWARZER, Senior District Judge:

Marvin Miles appeals from the district court's grant of summary judgment in favor of defendant American Seafoods Company. Miles is a seaman seeking maintenance and cure as a result of a right shoulder injury he sustained on defendant's vessel in 1997.

In 1995, Miles had injured his right shoulder while working aboard another of defendant's vessels, the AMERICAN CHAMPION. In 1996, Miles executed a valid settlement agreement releasing American Seafoods from

each and every right or claim which I now have, or may hereafter have, because of any matter or thing which happened before the signing of this paper; including every claim for damages, maintenance, wages, cure, transportation, reimbursement, or expense ... whether or not now in existence or known to me or whether it develops or becomes known to me in the future, which in any way arises out of or is connected with my employment on the SS "American Champion".

In May 1996, Miles was released by his physician to return to work without restrictions. He entered into a new employment contract with defendant, and worked without incident for one season. In May of 1997, he entered into yet another contract with defendant to work on the AMERICAN DYNASTY. His work aboard that vessel included the rapid, repetitive transfer of fish from a conveyer belt to a fileting machine. In the course of that work, Miles' right shoulder popped. Sharp pain set in, forcing him to cease work and return to shore for medical treatment. Miles seeks maintenance and cure for this injury.

The district court denied maintenance and cure because it found a dispute of fact

whether the 1997 injury was a new injury or was connected with the earlier shoulder injury. It then granted summary judgment because "there is no way that plaintiff will be able to carry his burden of proof that this is a new injury."

At oral argument, counsel for defendant properly conceded that because it had pled the release as an affirmative defense, the burden of proving that it precluded liability for the 1997 injury rested on defendant. *See* Fed.R.Civ.P. 8(c). Miles released defendant of "every claim which I ... may hereafter have, because of any ... thing which happened before the signing of this paper; including every claim ... which in any way arises out of or is connected with my employment on the SS 'American Champion.'" The question is whether that release covers the 1997 injury.

The claim Miles asserts here is "because of" something that "happened" after the signing of the release and arose out of his employment on the AMERICAN DYNASTY. Defendant does not dispute that something new happened in 1997 but argues that it resulted in a "re-injury of his 1995 right shoulder injury." But the release does not protect defendant from liability for a future injury of the same part of Miles' body caused by a subsequent event. Suppose Miles had fractured his arm, signed the release, and on a later voyage fractured that same arm; surely no one would argue that the release on account of the first fracture discharges liability for future identical fractures.

However, defendant does not even contend-much less offer proof-that the injury claimed in 1997 is the "same" injury, i.e., that he is trying to recover compensation for what he has previously been compensated for. Defendant simply argues that the two injuries are "extremely similar" and that the 1997 injury is the "same type of right shoulder injury" and an "exacerbation" of the 1995 injury. Under the terms of the release, that argument is irrelevant. A reasonable reading of the release would protect defendant against a claim for complications from or recurrence of the injury he suffered in 1995. *Cf. Morta v. Korea Ins. Corp.*, 840 F.2d 1452 (9th Cir.1988) (auto accident release properly barred claim for damages resulting from brain clot attributable to accident but manifesting itself after execution of release). It does not protect against a claim arising out of a new trauma from sorting fish on the AMERICAN DYNASTY resulting in another injury to the same shoulder, even if that injury aggravates an earlier injury.

Because the interpretation of the release is a question of law, we may decide that question on this appeal. *See id.* at 1460. We find no ambiguity but even if there were one, we must decide it against the drafter. *See Herrington v. County of Sonoma,* 12 F.3d 901, 907 (9th Cir.1993). Moreover, "[a]dmiralty courts have been liberal in interpreting [the duty of shipowners to provide maintenance and cure] 'for the benefit and protection of seamen who are its wards.' ... [T]he shipowner's liability for maintenance and cure [is] among 'the most pervasive' of all and [is] not to be defeated by restrictive distinctions nor 'narrowly confined.' When there are ambiguities or doubts, they are resolved in favor of the seaman." *Vaughan v. Atkinson,* 369 U.S. 527, 531–32, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962) (citations omitted).

The judgment is reversed and the matter remanded with directions to enter judgment for plaintiff on the maintenance and cure claim.

REVERSED and REMANDED.